RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0782-MR

SHERYL BAILEY, CO-ADMINISTRATRIX OF THE ESTATE
OF KRISTEN EDWARDS, AND CARMON HARLOW,
CO-ADMINISTRATRIX OF THE ESTATE OF KRISTEN
EDWARDS                                                    APPELLANTS

|                | APPEAL FROM BARREN CIRCUIT COURT |
| v.             | HONORABLE JOHN T. ALEXANDER, JUDGE |
|                | ACTION NO. 18-CI-00430 |

CITY OF GLASGOW; 911 GOVERNING BOARD;
BARREN-METCALFE EMERGENCY COMMUNICATIONS
CENTER; AND MANAGEMENT CONTROL BOARD          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE: Sheryl Bailey, Co-Administratrix of the Estate of

Kristen Edwards, and Carmon Harlow, Co-Administratrix of the Estate of Kristen

Edwards ("Appellants"), appeal from an order of the Barren Circuit Court denying their motion to alter, amend, or vacate a summary judgment in favor of City of Glasgow, 911 Governing Board, Barren-Metcalfe Emergency Communications Center, and Management Control Board ("Appellees"). Appellants argue that the circuit court improperly applied *McCuiston v. Butler*, 509 S.W.3d 76 (Ky. App. 2017), in concluding that a 911 operator has no duty of care to a 911 caller absent a special relationship between the parties. For the reasons stated below, we find no error and affirm the summary judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of July 14, 2016, an unknown person made a phone call from a cellular phone to Appellees' 911 operator. The call disconnected before the 911 operator could determine who was calling, from where the call was placed, or the nature of the call. The 911 operator then placed a call back to the cell phone, which was not answered. The cell phone had no voice mail, and no further action was taken by the 911 operator. The parties assume, though have not demonstrated, that the call was made by Kristen Edwards ("Ms. Edwards"). On that same day, Ms. Edwards was murdered by Clark Smith. Smith is currently incarcerated for the murder.

On July 13 and 14, 2018, Appellants filed a complaint and amended complaint in Barren Circuit Court alleging that Appellees were negligent in failing

to investigate the 911 call. Specifically, Appellants alleged that Appellees improperly failed to ping, trace, or locate the cell phone by GPS or other electronic means, and that this failure contributed to the wrongful death of Ms. Edwards, caused her pain and suffering, and caused pain and suffering to the family of Ms. Edwards.

On August 1, 2018, Appellees filed a motion to dismiss the action pursuant to Kentucky Rules of Civil Procedure ("CR") 12.02. The following month, the Barren Circuit Court entered an order denying the motion upon finding that no discovery had been undertaken.

The matter continued in Barren Circuit Court, whereupon Appellees filed a motion for summary judgment on February 17, 2020. In support of the motion, Appellees argued that the 911 operator and his governmental employers owed no legal duty to Ms. Edwards, and that such a duty could be shown only if the 911 operator and Ms. Edwards had a "special relationship" giving rise to a duty. Appellants responded by arguing that the motion was premature, and that the 911 operator breached both general and specific duties to Ms. Edwards by failing to ping or otherwise locate the cell phone after the call was disconnected. They also sought more time for discovery. Appellees responded in April 2020, by contending that Appellants had ample time for discovery, the 911 call center director Beverly Harbison had been deposed, the 911 call information had been

turned over to Appellants' counsel, and that Appellees had complied with Appellants' written discovery requests.

After considering the arguments, the Barren Circuit Court determined that Appellants could not prove the elements of negligence necessary to sustain their claim, *i.e.*, duty, breach, causation, and damages, because the public duty doctrine shields government officials from litigation based on breaches of alleged duties to the general public. The court found that because 911 operators serve the public, their actions are subject to the public duty doctrine. The court went on to note that an exception to the doctrine is found where the government official had a "special relationship" with a member of the general public which gave rise to a heightened duty. Citing *McCuiston*, *supra*, the court found that an emergency operator does not have a special relationship with a caller who dies after placing a 911 call. Upon concluding that Appellants could not prove the elements of negligence if the matter proceeded to trial, the circuit court sustained Appellees' motion for summary judgment. Appellants' subsequent motion to alter, amend, or vacate the summary judgment was denied, and this appeal followed.[1]

---

[1] The notice of appeal indicates Appellants' intent to appeal from the May 19, 2020 order denying their CR 59.05 motion to alter, amend or vacate the April 22, 2020 summary judgment in favor of Appellees. "Our case law is clear, however, that there is no appeal from the *denial* of a CR 59.05 motion. The denial does not alter the judgment. Accordingly, the appeal is from the underlying judgment, not the denial of the CR 59.05 motion. When a trial court *denies* a CR 59.05 motion, and a party erroneously designates that order in his or her notice of appeal, we utilize a substantial compliance analysis and consider 'the appeal properly taken from the

## ARGUMENT AND ANALYSIS

Appellants argue that the Barren Circuit Court committed reversible error in granting summary judgment in favor of Appellees. They contend that *McCuiston*, *supra*, upon which the Barren Circuit Court relied, is distinguishable from the facts before us as the *McCuiston* 911 operator took numerous steps to locate the 911 caller whereas the 911 operator in the instant case did nothing. Appellants also direct our attention to *Jones v. Bennett*, No. 2014-SC-000425-DG, 2016 WL 4487189 (Ky. Aug. 25, 2016), for the proposition that government officials have a duty to investigate 911 calls. The substance of Appellants' written argument is that Appellees improperly failed to conduct a diligent search for the cell phone, that this failure contributed to Ms. Edwards' death, and that the Barren Circuit Court erred in failing to so conclude.

In order to prevail on a negligence action alleging wrongful death, a plaintiff must propound proof that the decedent was owed a duty of care by the defendant, that the defendant breached the standard of care by which the duty is measured, and that the breach resulted in death. *Pathways, Inc. v Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (citing *Mullins v Comm. Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). Whether a duty exists is a question of law. *Jenkins v. Best*, 250

---

final *judgment that was the subject of the CR 59.05 motion.'" Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019) (emphasis in original) (citation omitted).

S.W.3d 680, 688 (Ky. App. 2007) (citing *Pathways*, 113 S.W.3d at 89). If no duty is owed to the plaintiff, there can be no breach and thus no actionable negligence. *Id*.

In *McCuiston*, Mrs. McCuiston placed a 911 call to an emergency operator. McCuiston's speech was slurred and she stated that she was dehydrated. McCuiston did not report a medical emergency nor request emergency services. Nevertheless, the 911 operator dispatched a law enforcement officer to McCuiston's residence to investigate her condition. McCuiston said she would be unable to open the door, and that the responding officer should announce his presence and then enter the residence. The 911 operator did not relay this information to the police. When the responding officer arrived, he did not enter the residence, was unable to make contact with McCuiston, and left the residence. About three days later, McCuiston was found dead at the residence. A cell phone was found near her body, which showed that she had placed a call to the 911 operator.

McCuiston's estate filed a wrongful death claim against the 911 operator and the municipality. Finding no breach of duty, the trial court granted summary judgment in favor of the defendants. A panel of this Court affirmed the summary judgment upon concluding that neither defendant owed a duty of care to McCuiston under the public policy doctrine. The panel determined that McCuiston

was a member of the general public, and the 911 operator performed his regular duties, took the call, and sent help in what was believed to be a non-emergency situation. The panel concluded that the operator's actions fell under the public duty doctrine, which does not make 911 operators or other public officials guarantors of public safety with a universal duty of care to protect the public from accident or harm.

> The public duty doctrine originated at common-law and shields a public employee from suits for injuries that are caused by the public employee's breach of a duty owed to the public at large. The doctrine can be traced to the United States Supreme Court's decision in *South v. Maryland* . . . which held that a sheriff is not liable for failing to protect a kidnap victim because the sheriff's duty to keep the peace was a public duty, for neglect of which he is amenable to the public, and punishable by indictment only.
>
> . . . .
>
> [P]ersons who serve the public must be allowed to carry out their function without fear of having to answer for harm caused to an individual by events which are outside the control of the public official. Public officials are not an insurer of the safety of every member of the public, nor are they personally accountable in monetary damages only because the individual is a public official charged with a general duty of protecting the public.

> The rationale behind the public duty doctrine is that to impose a universal duty of care on public officials would severely reduce their ability to engage in discretionary decision-making on the spot. *Because 911 operators serve the public, their actions are also encompassed under the public duty doctrine.* (Emphasis added).

*McCuiston*, 509 S.W.3d at 79-80 (internal quotation marks and citations omitted).

The question for our consideration is whether the Barren Circuit Court properly relied on *McCuiston* to conclude that Appellees' 911 operator did not have a universal duty of care to protect Ms. Edwards from harm. Having closely examined the record and the law, we must answer this question in the affirmative. In both *McCuiston* and the matter before us, the 911 operators performed their regular duties by receiving 911 calls and acting upon those calls based on the information available to them at the time. In *McCuiston*, the 911 operator had much more information available to him. He spoke directly with McCuiston, noted that her speech was slurred and she was unable to answer the door, and dispatched law enforcement to check on her. In contrast, Appellees' 911 operator had no opportunity to speak with the caller and made a reasonable attempt to contact the caller after the original call was terminated. Appellants argue that more was required from Appellees' 911 operator, and that but for Appellees' negligence, Ms. Edwards might be alive today. Nothing in the record supports these claims, however, and it is unclear that Ms. Edwards even made the call in question.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App. 1996).

## CONCLUSION

When viewing the record in a light most favorable to Appellants and resolving all doubt in their favor, we conclude that the Barren Circuit Court properly determined that there were no genuine issues as to any material fact and

-9-

that Appellees are entitled to a judgment as a matter of law. Pursuant to *McCuiston*, since 911 operators serve the public, their actions are encompassed by the public duty doctrine. Appellees are not insurers of public safety, and are not subject to a universal duty of care. Appellees did not enter into a special relationship with the 911 caller giving rise to an enhanced duty, as the 911 operator did not speak to the caller nor even know his or her identity. The Barren Circuit Court properly so found. Accordingly, we affirm the summary judgment of the Barren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Timothy J. Gillenwater
Glasgow, Kentucky

BRIEF FOR APPELLEES:

Matthew P. Cook
Bowling Green, Kentucky